IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALENA M TAVERNITI and MARAINA ARIK,<br><br>            Plaintiffs,<br><br>    v.<br><br>JO ANNE B BARNHART,<br>Commissioner of Social Security,<br><br>            Defendant. | No. C-04-04932 SBA (EDL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL COMPLETE TRANSCRIPT OF ADMINISTRATIVE RECORD** |

Finding this matter appropriate for decision without oral argument, the Court took Plaintiffs' Motion for an Order Compelling Defendant to Produce the Complete Transcript of the Administrative Record ("Motion to Compel") under submission and vacated the hearing scheduled for October 4, 2005.

Under the terms of the November 19, 2004 Procedural Order for Social Security Review Actions filed in this case, Defendant need not file the complete administrative record until she files an answer. Instead of filing an answer, on March 1, 2005, Defendant filed a motion to dismiss based on Plaintiffs' failure to exhaust their administrative remedies and, in the alternative, their failure to state a claim. See Motion to Compel at 2. Plaintiffs filed their Motion to Compel five months after filing their opposition to the motion to dismiss, arguing that they needed the complete administrative record to oppose the motion to dismiss and establish subject matter jurisdiction. Id.

Plaintiffs' motion is not well taken: "Discovery is not appropriate when the Court's jurisdiction is review of the administrative record only.... this Court is limited in its review to only those matters before the Administrative Law Judge and Appeals Council." McCarty v. Barnhart,

No. C-04-5060 MHP (N.D. Cal. May 5, 2005).  Under the Court's rules, filing of the complete administrative record would appear to be premature.  Although the Court is unsure whether or how documents in the administrative record might bear on the issue of exhaustion of administrative remedies that underlies Defendant's motion to dismiss, if at all, Plaintiffs seem to indicate in their Motion to Compel that they do.  <u>See</u> Reply in support of Motion to Compel at 8 ("Defendant's trap is to get the Court to make a determination solely on the proffered facts without bringing the entire record for review").  To the extent that Plaintiffs, in good faith, seek to bring before the Court certain documents that they believe are necessary to evaluate their exhaustion of administrative remedies (but not the merits of the Administrative Law Judge's decision to deny Plaintiff Taverniti's request for a 91-5p hearing, nor the existence of Plaintiffs' alleged mental impairment), Plaintiffs may request from Defendant that she file particular documents, identifying them with as much specificity as possible.  If Defendant refuses, Plaintiffs may request an order from the Court.

**IT IS SO ORDERED.**

Dated: October 3, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2