1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4
DALENA M. TAVERNITI, *et al.*,                    No.  C 04-04932 SBA

5
              Plaintiffs,                         **ORDER**

6
       v.                                         [Docket No. 52]

7
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL

8
SECURITY ADMINISTRATION,

9
              Defendant.
_____

10

11                          **REQUEST BEFORE THE COURT**

12          Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction (the "Motion")

13   [Docket No. 52].  Plaintiffs Dalena Taverniti and Maraina Arik have raised claims in connection

14   with their Social Security Administration ("SSA") administrative proceedings.  Defendant Michael

15   J. Astrue, Commissioner of the Social Security Administration ("defendant"), has requested

16   dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction,

17   claiming plaintiffs have failed to exhaust their administrative remedies, and under Rule 12(b)(6) for

18   failure to state a claim.

19          As discussed below, the Court GRANTS in part and DENIES in part the Motion.

20   Specifically, with regards to Taverniti, she has failed to exhaust her administrative remedies, and she

21   is not entitled to have them waived.  Thus, under 42 U.S.C. § 405(g), the Court has no jurisdiction

22   over her complaint.  Further, she has not stated a colorable constitutional claim of due process

23   violation, so the Court has no jurisdiction on this independent basis.  Thus, under Rule 12(b)(1), the

24   Court DISMISSES her, without prejudice.

25          Turning to Arik, she has made three claims.  In regards to her first claim, she has stated a

26   colorable constitutional claim of due process violation, in regards to an April 6, 2006 Appeals

27   Council ruling, denying her request, under Social Security Ruling ("SSR") 91-5p, for district court

28   review.  As for her second claim, demanding a hearing under SSR 91-5p, the SSA and Arik agree it

1  is moot, as the SSA already gave her one.  Lastly, in regards to her third claim, she has not stated a

2  colorable constitutional claim of due process violation, in regards to the SSA unduly delaying the

3  processing of her request, under SSR 91-5p, for district court review.  Thus, the Court DENIES the

4  Motion with respect to Arik's first claim, GRANTS the Motion with respect to Arik's second claim,

5  which it DISMISSES without prejudice as moot, and GRANTS the Motion with respect to Arik's

6  third claim, which it DISMISSES without prejudice, but with 14 days leave to amend.

7  **BACKGROUND**

8  **I.      Dalena M. Taverniti**

9        Taverniti has a lengthy history with the SSA, which goes back to 1980.  Docket No. 44

10  ¶ (3)(a) (Decl. of Dennis V. Ford re. Dalena Taverniti ("Ford Decl.")).  For this matter, however, her

11  pertinent facts are as follows.  At some point between 1982 and 1991, the SSA advised her she owed

12  it for overpaid disability and/or SSI benefits.  *Id.* ¶ (3)(c).  She requested a waiver of the recovery of

13  her overpayment (the "Waiver").  *Id.* ¶ (3)(d).  In May 1991, this request was denied, following

14  which she requested a personal conference.  *Id.*  In August 1991, the SSA affirmed its denial.[1]  *Id.*

15        Over ten years later, on January 27, 2003, Taverniti's attorney requested the Appeals Council

16  to review the 1991 affirmance.  *Id.*, Ex. "1" at 2 para. 1.  On September 10, 2003, Taverniti sued

17  defendant's predecessor[2] in this Court, in *Taverniti v. Barnhart*, case 03-04126.  *See* Docket

18  No. 1-4126.  She claimed the Appeals Council had unduly delayed responding to her January 27,

19  2003 request, and having exhausted her administrative remedies, this Court had jurisdiction under 42

20  U.S.C. § 405(g).[3]  Docket No. 15-4126 at 6:4-7 (Order).

21

22  _____

23  [1]      An ALJ's order issued on June 16, 2005, however, indicates Taverniti may have requested the Waiver in 2001, and that it may have been denied in 2002.  Ford Decl., Ex. "2" at 4 para. 4.

24  [2]      Under Federal Rule of Civil Procedure 25(d), there is no distinction between successive SSA commissioners sued in their official capacity.

25  [3]      This subsection states, in part:

26  Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy,

27  may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

28  Commissioner of Social Security may allow.
    42 U.S.C. § 405(g) (emphasis added).

1    On August 25, 2004, this Court dismissed case 03-04126 for lack of subject-matter

2    jurisdiction, because Taverniti had failed to allege the Appeals Council had actually reviewed her

3    request. *Id.* at 6:13-20.  As such, the Court had no"final" decision to review. *Id.*  The Court also

4    found she was not entitled to waive the exhaustion requirement, because:  (1) her dispute centered

5    on, and was not collateral to, a substantive claim of entitlement; (2) she failed to allege she would

6    suffer irreparable harm if forced to exhaust administrative remedies; and (3) her Waiver, and any

7    allegations that mental incapacity prevented her from pursuing review of any denials, were best

8    adjudicated by the SSA under Social Security Ruling ("SSR") 91-5p.[4] *Id.* at 6:21-7:8.

9    In addition, Taverniti argued SSR 91-5p and *Udd v. Massanari*, 245 F.3d 1096 (9th Cir.

10   2001) *mandated* the SSA must provide her a new hearing on the merits, as she lacked the mental

11   capacity to effectively appeal her denial.  Docket No. 15-4126 at 8:11-13.  The Court noted,

12   however, that SSR 91-5p merely provided a framework within which she could request the SSA to

13   consider her mental capacity allegations, which framework she had not utilized. *Id.* at 8:14-21.  The

14   Court also held *Udd* was inapposite, as Udd, unlike Taverniti, presented such allegations to the SSA.

15   *Id.* at 8:21-9:5.  Thus, lacking jurisdiction, the Court dismissed her matter on August 25, 2004. *See*

16   *id.* at 9.

17   ///

18   ///

19   ///

20

21   _____

22   [4]   This ruling is designed:
          to clarify [the SSA's] policy on establishing good cause for missing the deadline to
23        request review.  It is being issued to avoid the improper application of res judicata or
          administrative finality when the evidence establishes that a claimant lacked the
          mental capacity to understand the procedures for requesting review.

24   Soc. Sec. Ruling 91-5P; 1983-1991 Soc. Sec. Rep. Serv. 809 (CCH); 1991 WL 208067 (SSA), *1;
     1991 SSR LEXIS 5, *1.

25        As the ruling notes, a "request for reconsideration, hearing before an administrative law
     judge (ALJ), review by the Appeals Council, or review by a Federal district court must be filed

26   within 60 days" of an adverse determination or decision.  WL 208067 at *1; SSR LEXIS 5 at *1-*2.
     SSA regulations, however, allow more time for good cause shown.  WL 208067 at *1; SSR LEXIS 5

27   at *2.  As the ruling makes clear, if a claimant establishes they lacked the mental capacity to
     understand the procedures for requesting review, and had no one legally responsible for prosecuting

28   the claim, such as a parent, legal guardian, attorney, *et seq.*, then he or she is entitled to an extension
     of time beyond the standard 60 days.  WL 208067 at *2; SSR LEXIS 5 at *4-*5.

1    Five days later, on August 31, 2004, Taverniti requested a hearing with an ALJ, under SSR

2  91-5p, claiming this Court had mandated the SSA provide her with one.  Ford Decl. ¶ (3)(h), Ex. "2"

3  at 5 para. 3; Docket No. 45 ¶ 2 (Amend. Compl. ("Compl.")).[5]

4    On November 19, 2004, Taverniti sued defendant in the matter before the Court.  *See* Docket

5  No. 1.  In her complaint, she alleged the SSA was dragging its feet in complying with this Court's

6  order, allegedly mandating the SSA provide her a hearing under SSR 91-5p.  *Id.* at ¶ 2.  On March 1,

7  2005, the SSA filed a motion to dismiss matter for lack of jurisdiction.  *See* Docket No. 9.  On

8  March 17, 2005, Taverniti filed a cross-motion for summary judgment and a reply to the SSA's

9  motion to dismiss.  *See* Docket No. 10.

10    On June 10, 2005, the Appeals Council dismissed Taverniti's January 27, 2003 request to

11  review the August 1991 affirmance of the denial of her May 1991 request for the Waiver.  Ford

12  Decl. ¶ (3)(d), Ex. "1" at 1.  It dismissed, because under 20 C.F.R. § 404.967, the Council may

13  review a hearing decision or a dismissal of a hearing request.[6]  *Id.*, Ex. "1" at 2 para. 2.  As she had

14  not had a hearing with an ALJ nor requested one, the Council had no jurisdiction.  *Id.*  Further, she

15  had never taken the predicate step to obtain a hearing, of requesting the SSA reconsider its 1991

16  decisions.  *Id.*, Ex. "1" at 2 paras 2-4.  The Council also held neither SSR 91-5p nor *Udd* allowed her

17  to bypass the appropriate level of administrative review.  *Id.*, Ex. "1" at 2 para. 3.  The Council thus

18  recommended she file a request for reconsideration and present evidence regarding how her mental

19  capacity in 1991 affected her ability to timely pursue review.  *Id.*, Ex. "1" at 2 para. 4.

20  ///

21  ///

22  ///

23  ///

24

25  ---

[5]    Plaintiff alleges she submitted a second request on September 31, 2004, because she believed
26  the SSA had taken no action on the first one.  Compl. ¶ 2.  The parties make no further mention of
   this second request.

27
[6]    Title 20 C.F.R. § 404.967 states, in part, "[i]f you or any other party is dissatisfied with the
28  hearing decision or with the dismissal of a hearing request, you may request that the Appeals
   Council review that action."

Six days later, on June 16, 2005, an ALJ dismissed Taverniti's August 31, 2004 request for hearing. *Id.* ¶ (3)(j), Ex. "2" at 1. He noted 20 C.F.R. § 404.930(a)(1)[7] and § 416.1430(a)(1)[8] provide a person has a right to a hearing before an ALJ, if the SSA has made a reconsidered determination or a revised initial or reconsidered determination on a matter in issue. *Id.*, Ex. "2" at 6 para. 7. He further noted if Taverniti were challenging the denial of her request for the Waiver, he had no jurisdiction, as she had never requested the SSA to reconsider its 1991 determinations.[9] *Id.*, Ex. "2" at 6 para. 8.

Taverniti then filed a request with the Appeals Council to review this dismissal. *Id.* ¶ (3)(j). On July 27, 2006, the Appeals Council denied her request, as it could find no basis to provide any review. *Id.* ¶ (3)(k); Ex. "3" at 1.

On August 28, 2006, back in this Court, Taverniti filed an Amended Complaint. *See* Docket No. 45. In it, she claimed the ALJ violated her due process by dismissing her hearing request, *id.* at 2:10-13, 25-27, and the Appeals Council violated her due process by denying her request to review the ALJ's dismissal, *id.* at 2:17-21, 27-30.[10]

## II.    Maraina Arik

On February 16, 1995, Arik filed an application with the SSA for SSI benefits. Docket No. 43 ¶ (3)(a) (Decl. of Dennis V. Ford Re: Maraina Arik ("Ford Decl. 2")). On January 26 or February 6, 1999, an ALJ dismissed Arik's request for a hearing, based on a request for withdrawal. *Id.* ¶ (3)(d) (indicating Feb. 9); *see id.*, Ex. "2" at 1, 2 para. 1 (indicating Jan. 26). Shortly after

---

[7]    Title 20 C.F.R. § 404.930(a) states, in part, "[y]ou or another party may request a hearing before an administrative law judge if we have made–(1) A reconsidered determination; (2) A revised determination of an initial determination ...; (4) A revised reconsidered determination ...."

[8]    While 20 C.F.R. § 404.930(a) addresses disability benefits, *see supra* preceding note, 20 C.F.R. § 416.1430(a) is an analogous provision addressing SSI benefits.

[9]    The ALJ was uncertain as to what Taverniti had requested, because she had failed to comply with his requests to identify what relief she sought, as required by 20 C.F.R. §§ 404.911, 404.933(c), 416.1411, and 416.1433(c). Ford Decl. ¶ (3)(d), Ex. "2" at 6 paras. 4, 6. The ALJ also noted that contrary to Taverniti's allegations, the Court's August 25, 2004 order did not *mandate* the SSA must provide her with a hearing under SSR 91-5p.

[10]    Subsequent developments involving Taverniti are discussed in part III, *infra*.

receiving this decision, Arik terminated her counsel.[11]  *Id.* at 2 para. 5.  At that time, her counsel

explained how the 60-day appeals period worked and offered to file a request for review.  *Id.*  Arik

declined the offer.  *Id.*  On March 19, 1999, Arik, *pro se*, filed a request for review.  *Id.* at 2 para 6.

She did not, however, inform the SSA she had terminated her counsel.  *Id.*  On March 14, 2000, the

Appeals Council denied Arik's request for review, advising her how she could request court review,

and sent a copy to her prior counsel, not knowing of the termination.  *Id.*

More than four years later, on or about September 27, 2004,[12] Arik requested a hearing under

SSR 91-5p.  Amend. Compl. at 3:3:-6.  In her form, she stated, "I be awarded a 91-5p hearing for

reopening my prior claims because I was without counsel at the time my appeal lapsed and my

mental disability precluded me from affecting an appeal."  *Id.* at 3:6-8.  More specifically, her

representative claimed she was legally incompetent in 2000 to appeal the Appeals Council denial.

Ford Decl. 2, Ex. "2" at 1.  In her form, she referenced this Court's August 25, 2004 order.[13]

Amend. Compl. at 3:8-9.

On November 19, 2004, Arik sued in the matter before the Court.  *See* Docket No. 1.  In her

complaint, she alleged the SSA was dragging its feet in complying with this Court's August 25,

2004 order, which allegedly mandated she receive a hearing under SSR 91-5p.  *Id.* at ¶ 3.  On March

1, 2005, the SSA filed a motion to dismiss Arik's complaint for lack of jurisdiction.  *See* Docket No.

9.  On March 17, 2005, Arik filed a cross-motion for summary judgment and a reply to the SSA's

motion to dismiss.  *See* Docket No. 10.

On August 18, 2005, the Court referred to a magistrate, a dispute over whether the SSA

should produce Arik's administrative record.  *See* Docket No. 16.  On October 25, 2005, the

magistrate judge denied Arik's motion to compel production of the record, holding it would be

premature under the Court's Social Security Procedural Order [Docket No. 2], which does not

require the SSA to produce it, until after it files an answer.  *See* Docket No. 22.  Further, the

---

[11]     This is the same person as her current counsel.

[12]     The SSA puts this date at November 5, 2004.  Ford Decl. 2 ¶ (3)(f).

[13]     Arik was not a party, however, to Taverniti's first law suit.

magistrate judge felt Arik did not need the record to oppose a motion to dismiss for lack of jurisdiction.  *See id.*

On March 3, 2006, an ALJ dismissed Arik's September 27, 2004 hearing request, for lack of jurisdiction, as she had filed a request for an extension of time to seek *district court review*, which request she had to file with the Appeals Council.  Ford Decl., Ex. "1" at 4.  Arik then filed a request for review of this dismissal with the Appeals Council, which denied it, on April 6, 2006.  *Id.* ¶ (3)(g)-(h).  In so holding, the Council found the ALJ properly dismissed for lack of jurisdiction. *Id.*, Ex. "2" at 1-2.

The Council, however, also considered Arik's request for more time to file a civil action.  *Id.* at 2.  The Council noted her representative had stated in an August 24, 2005 letter and a March 6, 2006 statement that Arik failed to timely appeal in 2000, due to mental incompetency within the meaning of SSR 91-5p.  *Id.* at 2 para 4.  The Council found, however, its records showed Arik had a severe mental impairment, but not a lack of mental capacity to understand the procedures for requesting review, as contemplated in SSR 91-5p.  *Id.* at 2 para. 7.  Further, its records showed she had a limited education and semi-skilled past relevant work.  *Id.* at 2 para. 8.  Also, she timely filed her 1999 appeal allegedly on her own.  *Id.*  She received disability benefits directly, without a representative payee.  *Id.*  And, she was able to articulate events which took place well into the past, indicating facility in the English language.  *Id.*

The Council also noted the only documents indicating Arik had been without counsel in 2000, when she received instructions on how to request court review, were not from 2000, but declarations from her counsel, dated January 31, 2005, and from her, dated February 1, 2005.  *Id.* Based on these findings, the Appeals Council found no reason to extend the time for her file a civil action, and denied her request to do so.  *Id.* at 3.

On August 28, 2006, back in this Court, Arik filed an Amended Complaint.  *See* Docket No. 45.  In it she alleged three claims.  First, she claimed due process entitled her to judicial review of the Appeals Council's April 6, 2006 decision, denying her an extension to seek district court review, under SSR 91-5p.  Opp'n at 3:12-13, 4:3-10, 4:12-14.  Second, she claimed she had stated a constitutional claim mandating the SSA give her a hearing under SSR 91-5p.  *Id.* at 3:8-10, 4:10-12.

7

1    Third, she claimed the SSA had violated her due process by unduly delaying the administrative

2    process, possibly because she had sued it.  *Id.* at 3:10-12, 4:13-14.[14]

3    **III.    Developments in and after September 2006 involving Taverniti and Arik.**

4             In this matter, on September 8, 2006 the magistrate judge ordered the parties to treat

5    Taverniti's and Arik's initial complaint as operative, because they failed to obtain a stipulation or

6    leave of court to file an amended complaint.  *See* Docket No. 48.  The SSA then filed a second

7    motion to dismiss, *see* Docket No. 49, and Taverniti and Arik filed an opposition, *see* Docket

8    No. 50.  On November 8, 2006, this Court issued an order holding Taverniti and Arik were allowed

9    to file their Amended Complaint without a stipulation or leave of court, and thus held it was the

10   operative complaint.  *See* Docket No. 51.  In so holding, the Court denied as moot the SSA's first

11   and second motions to dismiss [Docket Nos. 9 and 49], and Taverniti's and Arik's cross-motion and

12   reply [Docket No. 10].  *See* Docket No. 51.

13            On December 8, 2006, the SSA filed the Motion before the Court.[15]  *See* Docket No. 52.  On

14   December 15, 2006, Taverniti and Arik filed a Cross-Motion for Summary Judgment and Reply in

15   Opposition to the Motion (the "Opposition").[16]  *See* Docket No. 53.

16                                       **LEGAL STANDARD**

17   **I.      Federal Rule of Civil Procedure 12(b)(1)**

18            A party may assert a lack of subject-matter jurisdiction by motion.  Fed. R. Civ. P. 12(b)(1).

19   As the Supreme Court has stated:

20   *///*

21

22   _____

23   [14]      Subsequent developments involving Arik are discussed in part III, *infra*.

24   [15]      The Court notes at points in the Motion, rather than provide certain arguments, the SSA
     attempts to incorporate by reference prior motions filed in this matter.  *See*, *e.g.*, Mot. at 2:9-11
     (incorporating prior motions by reference), 3:20-23 (same), 3:25-26.  *This is completely*

25   *inappropriate* and a violation of Civil Local Rule 7-4(a)(5), governing the content of a motion's
     points and authorities, and rule 7(b), governing page limits.  This is even more true where the Court

26   has *denied these motions* as moot.  All motions must be fully self-contained.  While the Court did
     consider the Ford declarations, as the SSA could have attached them to the Motion without violating

27   Rule 7(b), the Court did not consider any pleadings or arguments contained therein, referenced
     beyond the Motion before the Court.

28   [16]      Despite the title, this pleading is only an opposition to the SSA's Motion.

                                              8

1    Federal courts are courts of limited jurisdiction. They possess only that power

2    authorized by Constitution and statute, which is not to be expanded by judicial

3    decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the

4    burden of establishing the contrary rests upon the party asserting jurisdiction.

5  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *A-Z Intern. v. Phillips*, 323

6  F.3d 1141, 1145 (9th Cir. 2003).

7    "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations

8  of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter

9  jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.

10  1979).  In resolving a "facial" attack, a court limits its inquiry to the complainant's allegations,

11  which are taken as true, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004),

12  though the Circuits are split as to whether reasonable inferences are drawn in the complainant's

13  favor, *see Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (drawn) (1st Cir. 2001); *Shipping Fin'l*

14  *Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (not drawn).  And, leave to amend will be

15  granted to correct formal defects.  *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d

16  463, 466 (9th Cir. 1995).

17    In contrast, "[i]n resolving a factual attack on jurisdiction, the district court may review

18  evidence beyond the complaint without converting the motion to dismiss into a motion for summary

19  judgment." *Safe Air*, 373 F.3d at 1039.

20    Once the moving party has converted the motion to dismiss into a factual motion by

21    presenting affidavits or other evidence properly brought before the court, the party

22    opposing the motion must furnish affidavits or other evidence necessary to satisfy its

23    burden of establishing subject matter jurisdiction.

24  *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).

25    The court then proceeds to weigh the evidence, and resolve any factual disputes on its own.

26  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  If, in its discretion, a court finds it

27  necessary, it may hold evidentiary hearings.  *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.

28  1987).  If it does, then the "court need not presume the truthfulness of the plaintiff's allegations."

*Safe Air*, 373 F.3d at 1039.  If it does not hold hearings, however, but instead rules solely on the complaint, declarations, *et seq.*, then it must take the complaint's allegations as true.  *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007); *McLachlan v. Bell*, 261 F.3d 908 (9th Cir 2001).

The procedure is different, however, "when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Safe Air*, 373 F.3d at 1039 (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983))).  "The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.*  In such cases, a court may not hold hearings to resolve genuinely disputed facts, but instead must employ the standard applicable to a motion for summary judgment.  *Rosales*, 824 F.2d at 803.  Thus, a court may only grant such a motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*  Otherwise, the court must defer the issue for resolution at trial.  *Id.*  An exception to this rule exists, however, where the intertwined allegations are immaterial, insubstantial, or frivolous.  *Safe Air*, 373 F.3d at 1039-40.  In such cases, a court may determine jurisdiction, despite a genuine dispute over jurisdictional facts intertwined with the merits of a given matter.  *Id.*

## II.      Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true.  *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007).  Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences, however, are insufficient to defeat a motion to dismiss.  *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  If dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005), *cert. denied*,

546 U.S. 1172 (2006); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).  In resolving a motion to dismiss for failure to state a claim, a court may review documents referenced in pleadings, whose authenticity is undisputed, without transforming it into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1123-24 (9th Cir. 2002)).

## III.    Finality and Exhaustion under 42 U.S.C. § 405(g)

As made clear by 42 U.S.C. § 405(g) and § 405(h), of the Social Security Act, 42 U.S.C. § 301 *et seq.*, the district courts have subject-matter jurisdiction only over disputes involving *final* decisions of the Commissioner of the SSA.  As section 405(h) states:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.*  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

Section 405(g) states:

> Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

A final judgment consists of two elements:  (1) the claimant presenting a claim to the Commissioner;  and (2) the claimant exhausting his or her administrative remedies.  *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 (9th Cir. 2003) (citing *Heckler v. Ringer*, 466 U.S. 602, 605-06 (1984)); *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson v. Shalala*, 2 F.3d

918, 921 (9th Cir. 1993)).  The presentment requirement is jurisdictional, and therefore cannot be waived by the Commissioner or the courts.  *Kaiser*, 347 F.3d at 1115 (citing *Matthews v. Eldridge*, 424 U.S. 319, 328 (1975)); *Johnson*, 2 F.3d at 921.  The exhaustion requirement, however, is not jurisdictional, and is thus waivable by either the Commissioner or the courts.  *Kaiser*, 347 F.3d at 1115 (citing *Matthews*, 424 U.S. at 328); *Johnson*, 2 F.3d at 921 (same).

Following *City of New York*, 476 U.S. 467 (1986), the Ninth Circuit "adopted a three-part test for determining whether a particular case merits judicial waiver of § 405(g)'s exhaustion requirement."  *Kildare*, 325 F.3d at 1082 (citing *Johnson*, 2 F.3d at 921).  "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)."  *Kildare*, 325 F.3d at 1082 (quoting *Johnson*, 2 F.3d at 921 (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989))).

With regards to the first element, the Ninth Circuit has held a "plaintiff's claim is collateral if it is not essentially a claim for benefits."  *Johnson*, 2 F.3d at 921.  With regards to the second element, a plaintiff must raise "at least a colorable claim that exhaustion will cause him [or her] irreparable injury."  *Id.* at 922.  A colorable showing is one that is not "wholly insubstantial, immaterial, or frivolous."  *Id.*; *see also Briggs*, 886 F.2d at 1140 (economic hardship awaiting administrative review constitutes irreparable injury -- "Back payments can have some ameliorative effect . . . [y]et they cannot erase either the experience or the entire effect of several months without food, shelter or other necessities.").

Lastly, the third element's function is to determine whether a plaintiff's claim is the kind "whose resolution would not serve the purposes of exhaustion."  As the Supreme Court explained:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the

///

///

12

1    courts the benefit of its experience and expertise, and to compile a record which is

2    adequate for judicial review.

3    *Bowen v. New York*, 476 U.S. 467, 484 (1986) (citation omitted).

4    Exhaustion also serves the purpose of conserving judicial resources.   *Johnson*, 2 F.3d at 922.

5    **IV.    Judicial Review of Decisions not Generally Subject to Administrative or Judicial**

6    **Review under 42 U.S.C. § 405(g)**

7    Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, governs old age, survivors,

8    and disability insurance (OASDI) benefits, while subchapter XVI, 42 U.S.C. § 1381 *et seq.*, governs

9    SSI for the aged, blind, and disabled.  Under 42 U.S.C. § 405(b), the SSA *must* hold evidentiary

10   hearings when a claimant timely requests one to dispute a determination regarding their benefits or

11   disability status.  Likewise, under 42 U.S.C. § 1383(c), the SSA *must* to do likewise, when a

12   claimant timely requests one to dispute a determination regarding their SSI benefits.  Under 42

13   U.S.C. § 405(g), on timely request, a claimant who disputes a decision arising from a mandatory

14   evidentiary hearing is entitled to judicial review.  *See* 42 U.S.C. §§ 405(g) (OASDI), 1383(c)(3)

15   (SSI).

16   Turning solely to SSI, the SSA has codified these principles in the Code of Federal

17   Regulations.  Thus, under 20 C.F.R. § 416.1402, "initial determinations," such as those regarding

18   eligibility for benefits, or the amount, suspension, reduction, or termination of benefits, are subject

19   to administrative and judicial review.  *Id.* § 416.1402, § 416.1402(a)-(b).[17]  By definition, "initial

20   determinations" are subject to the mandatory hearing provisions of § 1383(c) and the administrative

21   and judicial review provisions of § 405(g).

22   In contrast, under 20 C.F.R. § 416.1403(a), administrative actions that are not "initial

23   determinations" may be reviewed *by the SSA*, but are not subject to administrative or judicial review.

24   *Id.* § 1416.1403(a).  These actions include, but are not limited to, denying a request to extend the

25   time period for requesting review of a determination or a decision, *id.* § 1416.1403(a)(8).[18]  By

---

27   [17]    Title 20 C.F.R. § 416.1402 lists 15 non-exclusive categories of "initial determinations."
Analogous provisions governing disability benefits are found at 20 C.F.R. § 404.902.

28   [18]    Analogous provisions governing disability benefits are found at 20 C.F.R. § 404.903.

definition, administrative actions which are not "initial determinations" are not subject to the mandatory hearing provisions of § 1383(c) or the administrative and judicial review provisions of § 405(g).

The Supreme Court discussed this framework in *Califano v. Sanders*, 430 U.S. 99 (1977), where the court addressed whether a decision to reopen a prior final decision was itself a "final decision" subject to judicial review under § 405(g).[19]  *Id.* at 107-08.  The court held it was not, for four reasons.  First, it held decisions made by the SSA which do not require a mandatory hearing, under § 405(b), are not subject to judicial review under § 405(g).  *Id.* at 107-08.  Second, it held allowing judicial review of decisions like this, at any time, even years after the prior final decision had been made, would frustrate Congress' intent, in § 405(g), limiting review to 60 days after a decision.  *Id.* at 108.  Third, non-initial determinations are regulatory and governed by the SSA, not statutory and governed by Congress.  *Id.*  And fourth, denying Sanders judicial review of the decision to reopen did not deny him his right of judicial review, as he lost it himself by failing to timely seek review of the prior "final" decision.

The Supreme Court held, however, that in "rare instances," where a claimant raises a constitutional challenge, then judicial review will be available, even for a decision which does not require a mandatory hearing under § 405(b).  *Id.* at 108-09.  This is because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."  *Id.* at 109.

The Ninth Circuit first explored these principles in *Peterson v. Califano*, 631 F.2d 628 (9th Cir. 1980).  In *Peterson*, a claimant failed to seek judicial review within 60 days of the Appeals Council affirming the revocation of his disability benefits.  *Id.* at 629.  The Appeals Council then denied his request to extend the time to seek judicial review.[20]  *Id.*  He sued anyway, and the Ninth Circuit affirmed the district court dismissing for lack of jurisdiction, based on the principles

---

[19]     *Sanders* involved disability benefits.  Under 42 C.F.R. § 404.903(l), such a decision is not an "initial determination."  The analogous SSI provision is 42 C.F.R. § 416.1403(a)(5).

[20]     Under 42 C.F.R. § 404.903(j), such a decision is not an "initial determination."  The analogous SSI provision is 42 C.F.R. § 404.1403(a)(8).

enunciated in *Sanders*.  *Id.* at 629-31.  Since *Peterson*, the Ninth Circuit has affirmed the *Sanders* principles a number of times.  *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990) (noting constitutional exception); *Matlock v. Sullivan*, 908 F.2d 492, 493-94 (9th Cir. 1990) (no review for denying request to extend time to seek Appeal Council review of ALJ's ruling, citing 20 C.F.R. § 416.1403(a)(8)); *Davis v. Schweiker*, 665 F.2d 934, 934-36 (9th Cir. 1982) (no review for denying a request to reopen a prior final decision or for a determination a prior decision is res judicata).

In construing *the Sanders'* constitutional exception, the Ninth Circuit has held a constitutional claim may not be merely substantive, i.e., an attack on the merits of a prior decision. *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997); *Boettcher v. Sec'y of Health and Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985).  Instead, it must be procedural.  "[T]he *Sanders* exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (quoting *Evans*, 110 F.3d at 1483 (citations omitted)); *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989).

Further, "[a] challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim."  *Udd*, 245 F.3d 1096 (quoting *Boettcher*, 759 F.2d at 722).  For example, a claim is colorable, "[w]here a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits, he has asserted a colorable constitutional claim."  *Udd*, 245 F.3d at 1099 (citing *Evans*, 110 F.3d at 1483).[21]  A claim is not colorable, however, if it is clearly immaterial, insubstantial, or frivolous and made only for the purposes of establishing jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 991-92 (9th Cir.1993).

## ANALYSIS

**I.      The Court has no subject-matter jurisdiction over Taverniti.**

In its Motion, the SSA argues the Court should dismiss Taverniti, under Rule 12(b)(1), as the Court has no subject-matter jurisdiction over her claims, under 42 U.S.C. § 405(g).  Specifically, the

---

[21]      The absence of counsel, however, is not required to state such a claim.  *Udd*, 245 F.3d at 1099 n.3.

SSA argues she failed to exhaust her administrative remedies and is not entitled to have them waived.  Mot. at 4:27-5:10.  The SSA also argues she failed to state a colorable constitutional claim of due process violation.  *Id.* at 9:6-7.  As explained below, the SSA is correct.

Before turning to analyze the SSA's Motion, however, the Court must first determine the correct form of analysis to apply, under Rule 12(b)(1).  Because the SSA attached declarations and exhibits to its Motion, it clearly made a "speaking motion," attacking the factual basis for Taverniti's subject-matter jurisdiction.  Further, as discussed below, the determination of whether or not Taverniti actually did or did not request the SSA to reconsider its 1991 decisions will determine whether she has jurisdiction and resolve her substantive claims.  This is because, the answer will determine whether or not she exhausted her administrative remedies, whether it would have been futile for her to do so, and whether or not she has stated a colorable constitutional claim for the ALJ and Appeals Council violating her due process.  All three issues relate to jurisdiction, and the third issue states her substantive claim.  Thus, the jurisdictional and substantive issues are intertwined, such that this Court must proceed under the standard applicable to a motion for summary judgment.

### A.    Taverniti has failed to exhaust her administrative remedies.

Title 20 C.F.R. § 404.900(a) explains the SSA's administrative review process comprises four steps, which run in this order:  an initial determination, a reconsideration, an administrative hearing before an ALJ, and then an Appeals Council Review.  The SSA has presented evidence that Taverniti failed to request the SSA reconsider its 1991 decisions.[22]  In her Opposition, Taverniti does address this issue, effectively conceding it to the SSA.  The Court thus finds the material jurisdictional facts are not in dispute and the SSA is entitled to prevail on this issue as a matter of law.  As such, the Court finds Taverniti failed to exhaust her administrative remedies and obtain a "final" decision from the Appeals Council regarding its 1991 determinations.  As a result, the Court does not have jurisdiction over her claims, under 42 U.S.C. § 405(g).

///

---

[22]    There were two decisions in 1991.  First, a decision denying Taverniti's request for the Waiver, then a decision affirming the denial.  Neither party has indicated the affirmance was a form of reconsideration.

1       **B.**     **Taverniti is not entitled to waiver of the exhaustion requirement.**

2       In her Opposition, Taverniti argues even assuming she has not exhausted her administrative

3 remedies, this Court should waive the requirement she do so. Opp'n at 4:4-5:21. Applying the

4 standard applicable to a motion for summary judgment, the Court finds she does not meet any of the

5 three elements required for waiver. With regards to the first element of collaterality, Taverniti wants

6 the SSA to waive the repayment of her overpayment. Thus, she is disputing benefits paid, and her

7 claim is not collateral.

8       Taverniti argues she is not claiming benefits, but is claiming a due process violation, because

9 the SSA has allegedly failed to follow its own rules under SSR 91-5p and Acquiescence

10 Ruling 92-7(9).[23] Opp'n at 4:16-17. The Court finds these arguments unavailing for four reasons:

11 First, the uncontroverted facts show Taverniti was denied a hearing, and denied Council review of

12 that denial, because she skipped over required steps in the administrative process, while seeking the

13 Waiver. Second, she cannot argue the SSA violated this Court's August 25, 2004 order, *mandating*

14 she receive a hearing under SSR 91-5p, as the Court never issued any such *mandate*.[24] Third, she

15 never indicates what "rules," if any, found in SSR 91-5p were violated by the SSA. And fourth, she

16 fails to explain what, if any, relationship AR 92-7(9) bears to her case. Thus, the undisputed facts

17 show Taverniti's claim is at root one for benefits, and not collateral.

18 ────────────────

19 [23]     At a number of points in her pleadings, Taverniti cryptically references Acquiescence Ruling 92-7(9) a.k.a. AR 92-7(9). *See, e.g.*, Amend. Compl. at 3:1-3. She does not, however, explain what

20 it is, what it says, or where the Court might find it. The Court, however, has reviewed Social Security AR 92-7(9), which addresses the following issue:

21           Whether an initial determination in the Social Security or Supplemental Security Income (SSI) programs must be reopened when the notice of the initial

22           determination did not explicitly state that the failure to seek reconsideration results in a final determination, and the claimant did not pursue a timely appeal.

23 57 Fed. Reg. 45061-02 (Sep. 30, 1992).
The SSA published AR 92-7(9) in response to the Ninth Circuit's holding in *Gonzalez v. Sullivan*,

24 914 F.2d 1197 (9th Cir. 1990) which held the SSA's prior version of denial notices violated due process, by failing to advise recipients an adverse determination would be a final determination,

25 absent a timely challenge. 57 Fed. Reg. at 45061-02. Subsequent to *Gonzalez*, the SSA provided a process for Ninth Circuit residents to challenge denials predicated on the type of notice addressed in

26 *Gonzalez*. *Id.* Taverniti provides no explanation whatsoever how AR 92-7(9) has any application to this matter.

27 [24]     It is unclear how Arik's counsel interpreted this Court's August 25, 2004 order as a mandate

28 enforceable against the SSA, when it clearly is not. The Court cautions counsel to exercise more care when wielding this Court's orders for his client's purposes.

1    Turning to the second element of irreparability, Taverniti fails to effectively address it.  *See*

2    *id.* at 5:3-6.  On this element, her entire argument is:

3            The element of irreparability is met by Defendant's refusal to grant Taverniti

4            a 91-5p hearing and a decision and failure to apply AR 92-7(9) to the facts of her

5            case.  *See*, *Briggs v. Sullivan*, 886 F.2d at 1140 (citation and internal quotations

6            omitted) ("a colorable showing of irreparable injury for purposes of waiver of the

7            exhaustion requirement is one that is not wholly insubstantial, immaterial, or

8            frivolous").

9    Opp'n at 5:3-6.

10   Taverniti has not made *any* claim of irreparable harm, much less a colorable claim.

11           Turning to the third element of futility, the Supreme Court held in *Bowen v. City of New*

12   *York*, where it found futility:

13           This case is materially distinguishable from one in which a claimant sues in district

14           court, *alleging mere deviation from the applicable regulations in his particular*

15           *administrative proceeding*.  In the normal course, such individual errors are fully

16           correctable upon subsequent administrative review since the claimant on appeal will

17           alert the agency to the alleged deviation.  Because of the agency's expertise in

18           administering its own regulations, the agency ordinarily should be given the

19           opportunity to review application of those regulations to a particular factual context.

20   *Bowen*, 476 U.S. at 484 (emphasis added).

21           Here, Taverniti has failed to show *any* deviations, much less mere deviations.  Taverniti has

22   claimed the ALJ improperly dismissed her request for a hearing, and she claimed the Appeals

23   Council improperly declined to review the ALJ's dismissal.  But, because Taverniti has conceded

24   she did not request the SSA to reconsider its 1991 decisions, she has thus conceded the ALJ and

25   Appeals Council did not deviate from the SSA's proper practices.  Also, while Taverniti has claimed

26   the SSA deviated from its own rules under SSR 91-5p and AR 92-(7)(9), as noted above, she

27   ///

28   ///

18

1   ///

2   provides no support for these bare naked allegations.[25]  In turn, contrary to the arguments in her

3   Opposition, she has not implicated any fundamental SSA policies, broadly impacting similarly

4   situated persons, making exhaustion allegedly futile.  Opp'n at 5:7-16.  Thus, her dispute essentially

5   concerns her request for the Waiver, and as such, is best resolved by the SSA's administrative

6   processes, and not by this Court's involvement in them.[26]  As a result, on the third element,

7   Taverniti's claim does not exhibit futility.

8       In summary then, on the waiver issue, the Court finds the material jurisdictional facts are not

9   in dispute, and the SSA is entitled to prevail on this issue as a matter of law.  As such, the Court

10  finds Taverniti is not entitled to waiver of the requirement she exhaust her administrative remedies.

11  And, as a result, the Court does not have jurisdiction over her claims, under 42 U.S.C. § 405(g).

12      **C.      Taverniti has failed to state a colorable constitutional claim of due process**

13              **violation.**

14      Under *Sanders* and its Ninth Circuit progeny, a district court may judicially review a

15  decision by the SSA, regardless of whether or not it is a final decision judicially reviewable under 42

16  U.S.C. § 405(g), if a claimant states a colorable constitutional claim of due process violation.  Here,

17  however, Taverniti's claim "is clearly immaterial, insubstantial, or frivolous and made only for the

18  purposes of establishing jurisdiction."  Taverniti alleges the SSA violated her due process by

19  denying her an administrative hearing and review by the Appeals Council.  The undisputed facts

20  show, however, the SSA could not provide these to her, because she had not yet requested the SSA

21  to reconsider its 1991 decisions.  As a result, the ALJ correctly dismissed her request for a hearing,

22  and the Appeals Council correctly affirmed the ALJ.  Thus, under the summary judgment standard,

23  _____

24  [25]      In this regard, the Court notes this is the second time Taverniti has come before it
    complaining of irregularities regarding the SSA's administrative procedures and its handling of her
25  attempts to utilize SSR 91-5p.  Each time, however, it has been clear Taverniti has not bothered to
    actually pursue her available administrative remedies, nor follow the correct procedures for utilizing
26  SSR 91-5p.  This Court suggests Taverniti *simply follow the SSA's procedures*, before filing any
    more suits in district court.

27  [26]      Likewise, to the extent reconsideration is appropriate, or to the extent Taverniti is qualified
28  for relief under SSR 91-5p, the SSA stands in the better position, than this Court does, to provide the
    appropriate relief.

1   the SSA is entitled to prevail on this issue as a matter of law.  As such, the Court finds Taverniti has

2   not stated a colorable constitutional claim of due process violation.  And, as a result, the Court does

3   not have jurisdiction over her claims.

**D.      The Court dismisses Taverniti's claims for lack of subject-matter jurisdiction.**

5           Under the summary judgment standard, the Court finds the material jurisdictional facts are

6   not in dispute, including but not limited to, that Taverniti failed to request the SSA to reconsider its

7   1991 decisions.  The Court thus concludes the SSA is entitled to prevail as a matter of law on the

8   jurisdictional issue.  Taverniti did not exhaust her administrative remedies, and she is not entitled to

9   have the exhaustion requirement waived.  Thus, the Court does not have subject-matter jurisdiction

10  over her claims, under 42 U.S.C. § 405(g).  Likewise, because she failed to state a colorable

11  constitutional claim of due process violation, the Court does not independently have jurisdiction on

12  this ground.  Thus, the Court must dismiss her under Rule 12(b)(1).[27]

**II.     The Court has jurisdiction over Arik's first claim, which states a colorable
constitutional due process violation, but her second claim is moot, while her third claim
is meritless.**

**A.      Rule 12(b)(1) Analysis**

17          In its Motion, the SSA argues the Court should dismiss Arik's claims in her Amended

18  Complaint, under Rule 12(b)(1), because the Court has no jurisdiction, under 42 U.S.C. § 405(g),

19  over her "non-initial determination."  Mot. at 3:17-19, 8:12-17, 8:24-9:2.  The SSA also argues the

20  Court should dismiss her claims because she failed to state a colorable constitutional claim of due

21  process violation.  *Id.* at 9:3-16.  Before the Court may analyze the SSA's allegations, however, the

22  Court must first determine the correct form of analysis to apply, under Rule 12(b)(1).  As already

23  noted, in part I, *supra*, the SSA's Motion is a "speaking" motion.  Further, as discussed below,

24  Arik's only basis for jurisdiction for her first and third claims,[28] is by stating a colorable

25  constitutional claim of due process violation, which is also the alleged substance of her first and

---

[27]     Because the Court dismisses on this ground, it does not consider whether Taverniti is subject to dismissal under Rule 12(b)(6).

[28]     As discussed *infra*, in part II.A.2, Arik's second claim has become moot.

20

third claims.  Thus, the jurisdictional and substantive issues are intertwined, such that the Court must proceed under the standard applicable to a motion for summary judgment.  The Court now turns to Arik's three claims.

### 1.      Arik is entitled to judicial review of the Appeals Council's April 6, 2006 decision.

On April 6, 2006, the Appeals Council denied Arik's request, under SSR 91-5p, for *an extension of time to seek district court review* of its 2000 denial of her request to review the ALJ's 1999 affirmance of her SSI benefits denial.[29]  Under 42 U.S.C. § 405(g), 20 C.F.R. § 416.1403(a)(8), and *Sanders* and its Ninth Circuit progeny, this decision is not an "initial determination," and this Court may not judicially review it, unless Arik pleads a colorable constitutional claim.  In her Amended Complaint, Arik expressly alleges that when the time came to seek district court review in 2000, she was without counsel and her mental disability precluded her from timely seeking district court review.  Under *Udd*, this is a colorable constitutional claim.

To its Motion, the SSA attached the Appeals Council's April 6, 2006 Notice of Appeals Council Action (the "Notice"), which concluded Arik had a "severe mental impairment" but not a sufficient lack of mental capacity to support an extension to seek district court review.  The Notice also indicated the Council had difficulty finding Arik was without counsel in 2000, due to the absence of any evidence from 2000 indicating as such.[30]

Under the summary judgment standard, the Court finds the SSA has failed to meet its burden of proof on Arik's first claim.  This is because under this standard, the SSA may only prevail if the material jurisdictional facts are not in dispute and the SSA is entitled to prevail as a matter of law. Here, the material jurisdictional facts are directly disputed.  While the SSA has presented the Notice,

---

[29]      It also declined to review the ALJ's denial of her request for an extension, on the grounds she had to file her request with the Appeals Council.  The denial appears to fall under 20 C.F.R. § 416.1403(a)(8) as a non-initial determination.  Alternatively, this is the type of non-benefit-determining, SSA self-regulating, procedural activity which qualifies as a non-initial determination. As such, the Court's reasoning in connection with the Appeals Council's denial of Arik's request for an extension, also applies to its denial of Arik's request to review the ALJ's decision.

[30]      As noted earlier, this is not a necessary element of a colorable constitutional claim for a due process violation related to mental incompetency impairing a person's ability to seek review.

21

1     ///

2     and Arik failed to present any evidence in her Opposition, in support of the allegations in her

3     Amended Complaint, the Court still finds the SSA cannot prevail here.

4            The reason is the standard for prevailing as a matter of law, in this context, is not whether

5     any reasonable jury could find for the non-moving party, if all reasonable inferences were construed

6     in favor of the non-moving party.  Rather, the applicable standard in this summary judgment context

7     is whether, as a matter of law, the ALJ's findings were supported by substantial evidence.  *See* 42

8     U.S.C. § 405(g) (In judicial review "[t]he findings of the Commissioner of Social Security as to any

9     fact, if supported by substantial evidence, shall be conclusive ....");  *Udd*, 245 F.3d at 1100; *Evans*,

10    110 F.3d at 1483; *see also* Civ. Local R. 16-5 (in an SSA appeal, the claimant *must* file a motion for

11    summary judgment).

12           "Substantial evidence is relevant evidence which, considering the record as a whole, a

13    reasonable person might accept as adequate to support a conclusion."  *Evans*, 110 F.2d at 1483

14    (quoting *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995)).

15    "Substantial evidence is 'more than a mere scintilla,' but 'less than a preponderance.' "  *Evans*, 110

16    F.2d at 1483 (quoting *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990) (citations omitted)).

17    Here, the SSA is the moving party, and thus had the burden to put forth evidence to meet the

18    standard for a motion for a summary judgment in an SSA appeal.  All the SSA provided was the

19    Appeals Council's conclusions.  The SSA failed to provide *any* evidence, much less "substantial"

20    evidence, on which this Court could find the Council's findings were properly based.

21           This is why courts disposing of SSA appeals, even on jurisdictional grounds, have the

22    administrative record before them.  42 U.S.C. § 405(g) (In judicial review, "[a]s part of the

23    Commissioner's answer the Commissioner of Social Security shall file a certified copy of the

24    transcript of the record including the evidence upon which the findings and decision complained of

25    are based.");  *Evans*, 110 F.3d at 1481 (jurisdictional dismissal).  This is especially important where

26    claimants allege mental incompetency prevented them from understanding the review process.  *Udd*,

27    245 F.3d at 1100 (overwhelming evidence from Udd's medical records supported finding due

28    process violation under SSR 91-5p); *Evans*, 110 F.3d at 1481 (review of the administrative record

1    supported dismissal of alleged incompetent's claims).  In contrast to *Evans* and *Udd*, this Court has

2    neither an administrative record nor overwhelming evidence before it, from which it could find any

3    reasonable court would find substantial evidence supported the Appeals Council decision regarding

4    Arik's mental incompetency claims.

5         Under 42 U.S.C. § 405(g), the SSA is not required to produce the administrative record, until

6    after it answers.  The section is silent, however, regarding the period prior to answering.  In this

7    case, however, the SSA filed a motion to dismiss under Rule 12(b)(1), in a case where the

8    jurisdictional and substantive issues were intertwined, thus subjecting itself to the motion for

9    summary judgment standard.  As such, it had the choice of either meeting its evidentiary burden by

10   producing Arik's administrative record, or not.  As the SSA chose to pick only two conclusory

11   documents from the record, it did not meet its burden.[31]

12        In conclusion, in regards to Arik's first claim, that in 2000, she was without counsel and her

13   mental disability precluded her from timely seeking district court review, the Court is unable to find

14   the material jurisdictional facts are not in dispute.  Nor can it conclude the SSA is entitled to prevail

15   as a matter of law on this issue.  Thus, Arik has stated a colorable constitutional claim of due process

16   violation.  As a result, the Court denies the SSA's motion to dismiss Arik's first claim under

17   Rule 12(b)(1).

18              **2.    Arik's claim for a hearing under SSR 91-5p is moot.**

19        In its Motion, the SSA argues Arik's claim regarding an entitlement to a hearing under SSR

20   91-5p is moot, as she obtained one.  Mot. at 7:28-8:11.  In her Opposition, Arik "admits that

21   Defendant's [sic] has provided her with the 91-5p hearing that she prayed for in her initial

22   complaint."  Opp'n at 9:5-6.  The claim is thus dismissed as moot.[32]

23   _____

24   [31]    Nor is the Court certain whether producing *some* of Arik's administrative record would have
     equitably sufficed, as the SSA would have been able to withhold records beneficial to Arik, and only
25   present those beneficial to itself.  This is why in Rule 12(b)(1) motions like these, the Courts have
     the option of deferring the jurisdictional question to a post-answer disposition on the merits, such as
26   under Rule 56.

27   [32]    The SSA, rather oddly however, attempts to argue that because this allegedly was Arik's
     only basis for suing initially, that upon receiving a hearing under SSR 91-5p, her entire suit was
28   mooted, even *after* she filed her Amended Complaint, and thus the Court should dismiss her.  Mot.
     at 7:28-9:2.  Rather obviously, one of the purposes of amending a pleading is to *cure a defect in a*

1          **3.      Arik is not entitled to judicial review of the SSA's undue delay in**

2                   **processing her requests.**

3          In her Amended Complaint, Arik alleges the SSA violated her due process by "unduly"

4   delaying the administrative process.  The facts show Arik requested a hearing with an ALJ on

5   September 27 or November 5, 2004.  She then sued in this matter, on November 19, 2004, claiming

6   undue delay.  The ALJ then did not render a decision until March 3, 2006, or one-and-a-half years

7   later.

8          As a threshold matter, the Court notes Arik's allegation of undue delay is clearly one of those

9   "constitutional questions [which] obviously are unsuited to resolution in administrative hearing

10  procedures and, therefore, access to the courts is essential to the decision of such questions."

11  Further, her complaint strikes directly at the SSA's administrative processes, and turns not at all on

12  the merits of any specific determination.  For the following reasons, however, because the Court

13  finds her third claim is "wholly insubstantial, immaterial, or frivolous," the

14  Court lacks jurisdiction to hear it.

15         In its Motion, the SSA argues, "Arik's claim was processed in the normal course of

16  business."  Mot. at 9:7-8.  The SSA, however, did not provide a declaration to this effect.  The SSA,

17  however, also points the Court to *F.T.C. v. J. Weingarten, Inc.*, 336 F.2d 687 (5th Cir. 1964), for the

18  proposition that "it would be the extremely rare case where a Court would be justified in holding ...

19  that the passage of time and nothing more presents an occasion for the peremptory intervention of an

20  outside Court in the conduct of an agency's adjudicative proceedings."  *Id.* at 692 (footnote

21  omitted); Mot. at 9:8-11.  Lastly, the SSA alleges Arik failed to allege the SSA acted in a dilatory or

22  arbitrary manner in determining her request for an extension of time to file a civil action.  Mot. at

23  9:11-13.

24         Turning first to *Weingarten*, the Court notes it appears to favor the SSA's position.

25  *Weingarten* involved a Federal Trade Commission investigation, resulting in two-and-a-half years of

26

27  _____

28  *prior pleading*.  Thus, assuming all or part of Arik's initial complaint was mooted by receiving a
    hearing under SSR 91-5p, to the extent her Amended Complaint does not turn on this issue, the
    SSA's mootness argument is moot.

24

1    hearings before an examiner, followed by an eleven-month appeal before the Commission itself.

2    *Weingarten*, 336 F.2d at 689-91.  When the Commission remanded for more proceedings before an

3    examiner, Weingarten sued and obtained an order from a district court, forcing the Commission to

4    resolve the matter, itself, within 30 days.  *Id.* at 690.

5         The Fifth Circuit reversed, finding in part, "[a]bsent proof of the normal time necessary to

6    dispose of a similar proceeding or of facts tending to show a dilatory attitude on the part of the

7    Commission or its staff - matters totally undeveloped on this record - we are unable to say that a

8    Judge can so hold."  *Id.* at 691.  The Court continued:

9         So far as this record shows, this case not only proceeded at a rate comparable to that

10        normally experienced in cases of its kind, it also proceeded at a rate satisfactory to

11        Weingarten [as t]his record is barren of any suggestion that Weingarten at any time ...

12        ever complained about the pace of the proceedings.

13   *Id.*

14        In comparing this matter to *Weingarten*, the Court finds it does not have before it "proof of

15   the normal time necessary to dispose of" requests similar to Arik's.  Further, unlike the plaintiffs in

16   *Weingarten*, Arik was clearly unsatisfied with the SSA's pace, as she sued to speed it up.  Lastly, the

17   Court notes, in her Amended Complaint, Arik merely alleged the SSA "unduly" delayed her request.

18

19        Applying the summary judgment standard to these facts, the Court finds neither side has

20   presented anything other than bare allegations.  While at first, this might seem to favor Arik, as the

21   non-movant, it does not, as she clearly failed to meet the pleading burden imposed on her by

22   *Weingarten*.  Whether a one-and-a-half year delay is "normal" or not, Arik merely alleged it was

23   "undue."  She did not, however, allege what this means or how or why the SSA unduly delayed

24   processing her request.  As a result, her allegedly colorable constitutional claim of due process

25   violation rests solely on the passage of time itself.

26        Looking to *Weingarten*, however, there is no evidence before the Court to suggest this is "the

27   extremely rare case where a Court would be justified in holding ... that the passage of time and

28   nothing more presents an occasion for the peremptory intervention of an outside Court in the

conduct of an agency's adjudicative proceedings." Thus, it is clear that Arik's third claim is "wholly insubstantial, immaterial, or frivolous." As a result, under the motion for summary judgment standard, although the parties' allegations are in dispute, the Court has little trouble concluding the SSA would prevail on it as a matter of law. As such, Arik's third claim does not state a colorable constitutional claim of due process violation. And thus, the Court has no jurisdiction over it and grants the SSA's motion to dismiss it under Rule 12(b)(1).

### B.  Rule 12(b)(6) Analysis

Because Arik's second claim is moot, *see supra*, part II.A.2, the Court only addresses her first and third claims. Turning to the former, because it already survived the motion for summary judgment standard, under Rule 12(b)(1), it easily survives the more lenient standard applicable, under Rule 12(b)(6). With regards to this claim, Arik expressly alleges, in her Amended Complaint, that when the time came to seek district court review, in 2000, she was without counsel and her mental disability precluded her from timely seeking district court review. Taking these allegations as true, under *Udd*, Arik has stated a colorable constitutional claim of due process violation. To the extent the SSA argues her claim is frivolous, the SSA's own evidence contradicts this allegation. The SSA allegedly found Arik had at least a "severe mental impairment." Based on this allegation, the Court cannot find that Arik's and the SSA's two statements are so contradictory that her claim is frivolous or *completely* meritless. Thus, Arik has stated a colorable constitutional claim of due process violation, and the SSA's motion to dismiss her first claim under Rule 12(b)(6) is denied.

With regards to Arik's third claim, for the same reasons it was found meritless in part II.A.3, *supra*, it fails to state a claim for which relief may be granted. That is, the mere passage of time, alone, does not state a colorable constitutional claim of due process violation. Thus, the Court grants the SSA's motion to dismiss Arik's third claim under Rule 12(b)(6).[33]

---

[33]     The SSA also requests the Court to dismiss Arik's claims under Federal Rules of Civil Procedure 7(b), 8(a), 8(e), 10(b), and 41(b), on the general grounds her complaint is so poorly pled, the Court has *no choice but to dismiss it*. Mot. at 3:19-4:24. The Court first notes the SSA is partially correct. Arik's and Taverniti's pleadings are very poorly drafted. The Court also notes, however, the SSA's pleadings are only marginally better, and the Court had difficulty deciphering both party's arguments. That said, the Court was able to distill Arik's three claims from her Amended Complaint. Thus, the SSA, having possession of Arik's file, should have been able to distill them as well.

**CONCLUSION**

Accordingly, the Court GRANTS in part and DENIES in part defendant's Motion to Dismiss for Lack of Jurisdiction (the "Motion") [Docket No. 52] as follows:

(1)      The Court GRANTS the Motion in part and DISMISSES without prejudice plaintiff Dalena Taverniti;

(2)      The Court DENIES the Motion in part with regard to plaintiff Maraina Arik's first claim;

(3)      The Court GRANTS the Motion in part and DISMISSES without prejudice Arik's second claim as moot;

(4)      The Court GRANTS the Motion in part and DISMISSES without prejudice Arik's third claim, and gives Arik **14 days from the date of this Order** to file a Second Amended Complaint, addressing *only* her first and third claims.   Defendant shall then have **34 days from the date of this Order** to either (i) answer the Second Amended Complaint; or (ii) respond by motion, but *only* in regards to Arik's third claim.

(A)      If defendant answers, it shall comply with paragraph 1 of the Social Security Procedural Order (the "Procedural Order") [Docket No. 2] filed on November 19, 2004, except for the 90-day provision.  The parties shall then follow the procedures and schedule set by paragraphs 2 through 5 of the Procedural Order.  The parties, however, shall *only* address Arik's first and third claims, going forward.

(B)      If defendant chooses to respond by motion, Arik shall have 14 days from service of the response, to file an opposition.  If Arik files an opposition, defendant shall have 7 days

///

///

---

As for the SSA's requested remedy, the Court directs the SSA to Federal Rule of Civil Procedure 12(e).  This rule allows a party to request another party to provide a more definite statement, where the former cannot reasonably prepare their response, due to confusion regarding the latter's pleading.  If the SSA desired a more definite statement, *dismissal* is not the proper request; a more definite statement is.  Nor is there any ground under the Federal Rules of Civil Procedure, to outright dismiss Arik under Rules 7 through 10, where she has *never* been given a chance to amend to cure any alleged pleading defects.

1 ///

2 ///

3 ///

4 from service of the opposition, to file a reply.  The Court will then deem the matter submitted on the

5 pleadings.

6

7       IT IS SO ORDERED.

8

9       March 31, 2008

                                     Saundra Brown Armstrong

10                                      United States District Judge