1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

5

6

7

8

9

DALENA M. TAVERNITI, *et al.*,

    Plaintiffs,

 v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

    Defendant.

No.  C 04-04932 SBA

**ORDER**

[Docket No. 61]

10

**INTRODUCTION**

11

12

13

14

15

16

17

  Before the Court is plaintiff Dalena M. Taverniti's Motion to Alter or Amend (the "Motion")
[Docket No. 61].  In it she asks the Court, under Federal Rule of Civil Procedure 59(e), to reconsider
its March 31, 2008 Order [Docket No. 57] dismissing her from this matter under Federal Rule of
Civil Procedure 12(b)(1).  Defendant Michael J. Astrue, Commissioner of Social Security
Administration has filed an Opposition to Plaintiff's Motion (the "Opposition") [Docket No. 65].
As discussed below, because this matter has not proceeded to a final judgment, Taverniti is not
entitled to Rule 59(e) relief.  Thus, the Court DENIES her motion without prejudice.

18

**BACKGROUND**

19

20

21

22

23

24

  Taverniti has a long and detailed history well known to the parties, which the Court will not
go into here.  For purposes of this Motion, the only facts relevant are that at some point between
1982 and 1991, the Social Security Administration ("SSA") advised plaintiff she owed the SSA for
overpaid disability and/or Supplemental Security Income ("SSI") benefits.  Docket No. 57
at 2:11-12.  She requested a waiver, which the SSA denied in May 1991.  *Id.* at 2:12-14.  She then
requested a personal conference, but in August 1991, the SSA affirmed its denial.  *Id.*

25

26

  Over ten years later, on January 27, 2003, Taverniti requested the SSA's Appeals Council to
review the 1991 affirmance.  *Id.* at 2:15-16.  On September 10, 2003, Taverniti sued defendant's

27

///

28

///

predecessor[1] in this Court, in *Taverniti v. Barnhart*, case 03-04126 SBA.  *See* Docket No. 1-4126. The details of this matter are irrelevant here, save that on August 25, 2004, the Court dismissed her case for lack of subject matter jurisdiction under 42 U.S.C. § 405(g),[2] because the Appeals Council had not yet reviewed her request.  Docket No. 57 at 3:1-3.

Five days later, on August 31, 2004, Taverniti demanded a hearing with an ALJ, claiming this Court had ordered the SSA to provide her with a hearing.  *Id.* at 4:1-3.  On November 19, 2004, Taverniti sued defendant in the current lawsuit before this Court, arguing the SSA had unreasonably delayed providing her with an administrative hearing.  *Id.* at 4:4-6.  Taverniti was joined by a co-plaintiff in this suit, Maraina Arik.  *Id.* at 6:14.  Arik was appealing a denial of SSI benefits.  *Id.* at 5:16-6:13.

On June 10, 2005, the Appeals Council dismissed Taverniti's January 27, 2003 request to review the August 1991 affirmance of the denial of her May 1991 request for a waiver.  *Id.* at 4:10-19.  The reason given was she had never requested the SSA to *reconsider* its denial, which is a prerequisite for an administrative hearing, which she had never had, which is a prerequisite for Appeals Council review.  *Id.*  Six days later, on June 16, 2005, an administrative law judge ("ALJ") dismissed Taverniti's August 31, 2004 request for hearing.  *Id.* at 5:1-7.  The basis was she had never requested the SSA to reconsider its denial, which is a prerequisite for an administrative hearing.  *Id.*  Taverniti then filed a request with the Appeals Council to review this dismissal.  *Id.* at 5:8-10.  The Council declined to do so, on July 27, 2006.  *Id.*

On August 28, 2006, Taverniti filed an Amended Complaint in this matter, asserting due process violations premised on the ALJ's dismissal of her request for a hearing and the Appeals Council's denial of her request to review this dismissal.  *Id.* at 5:11-14.  Arik joined in this

---

[1]     Under Federal Rule of Civil Procedure 25(d), there is no distinction between successive SSA commissioners sued in their official capacity.

[2]     This subsection states, in part:
Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
42 U.S.C. § 405(g) (emphasis added).

complaint, *id.* at 7:24, though the particulars of her facts and claims are irrelevant to resolving the Motion before the Court.  On December 8, 2006, defendant filed a Motion to Dismiss [Docket No. 52] on two grounds.  *See id.* at 1:11-18, 8:13.  Defendant argued under Federal Rule of Civil Procedure 12(b)(1) that both plaintiffs had failed to exhaust their administrative remedies, depriving this Court of jurisdiction under 42 U.S.C. § 405(g).  *See id.* at 1:14-18.  Defendant also argued under Federal Rule of Civil Procedure 12(b)(6) that Taverniti and Arik had failed to state a claim.  *See id.* On March 31, 2008, the Court granted defendant's motion under Rule 12(b)(1), with regards to Taverniti.  *Id.* at 1:20-24.  In contrast, the Court permitted Arik to proceed with her litigation, which is currently ongoing.  *Id.* at 1:25-2:6.  The Court's Order was entered in the docket on April 21, 2008.  *See* Docket No. 60.

On April 25, 2008, Taverniti filed a Motion to Alter or Amend (the "Motion") this Court's March 31, 2008 Order, under Federal Rule of Civil Procedure 59(e).  *See* Docket No. 61.  In her Motion, she argues the Court made a manifest error of law by failing to consider either *Garfield v. Barnhart*, 03-cv-04124 VRW or SSA Acquiescence Ruling 92-7(9).  *See id.*  Defendant argues neither of these shows the Court committed a manifest error of law in its March 31, 2008 Order.  *See* Opp'n.

## LEGAL STANDARD

Taverniti seeks to proceed under Rule 59(e), which states, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Generally, a post-judgment motion seeking a substantive change in a judgment, as opposed to a clerical one, will be considered a Rule 59(e) motion, if filed within ten days of entry.  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  If it is filed more than ten days after entry, however, then it will be considered a Rule 60(b) motion.  *Id.* at 899.  Regardless of whether a motion is captioned as a Rule 59(e) or Rule 60(b) motion, a court will construe it, "however styled, to be the type proper for the relief requested."  *Miller v. Transam. Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).  Although Rule 59(e) does not specify any grounds for relief, it is generally appropriate to amend a judgment where a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

1   intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*,

2   5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

3         By its terms, however, Rule 59 only applies to final judgments.  A " '[j]udgment' as used in

4   [the Rules of Civil Procedure] includes a decree and any order from which an appeal lies."  Fed. R.

5   Civ. P. 54(a); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1123 n.6 (9th Cir.

6   2005).  "Thus, the word 'judgment' encompasses final judgments and appealable interlocutory

7   orders."  *U.S. v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (quoting *Balla v. Idaho State Bd. of

8   Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989)).  In a related sense, a "final judgment" is one which

9   adjudicates all claims for all parties.  *Balla*, 869 F.2d at 468.

10        A dismissal of less than all parties with prejudice is neither an appealable interlocutory order

11   nor a final judgment.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861,

12   869-72 (9th Cir. 2004) (A dismissal is appealable if it adjudicates all matters and is court's final act

13   in suit.); *Long v. U.S.*, 972 F.2d 1174, 1178 n.5 (10th Cir. 1992) (citing 15A Charles Alan Wright,

14   Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, Jurisdiction 2d § 3914.7,

15   at 549-51); *Willhauck v. Halpin*, 953 F.2d 689, 692, 698-702 (1st Cir. 1991) (where dismissal of

16   some plaintiffs occurred years prior to final judgment, appeal was timely on dismissals, where it was

17   timely relative to final judgment); *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369,

18   3710 n.2 (10th Cir. 1979).

19        As Federal Rule of Civil Procedure 54(b) states:

20        when multiple parties are involved, the court may direct entry of a final judgment as

21        to one or more, but fewer than all, claims or parties only if the court expressly

22        determines that there is no just reason for delay.  Otherwise *any order or other*

23        *decision, however designated, that adjudicates fewer than all the claims or the rights*

24        *and liabilities of fewer than all the parties does not end the action as to any of the*

25        *claims or parties . . . .*

26   Fed. R. Civ. P. 54(b) (emphasis added).

27        Lastly, the date of a "final judgment" is determined by Federal Rules of Civil Procedure 58

28   and 79(a).  *See* Fed. R. Civ. P. 58, 79(a); Fed. R. App. Proc. 4(a)(7)(ii); *Stephanie-Cardona LLC v.*

4

*Smith's Food and Drug Ctr., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007).  Subject to certain exceptions, inapplicable here, a judgment is "entered" when it "is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:  (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket."[3]  Fed. R. Civ. P. 58(c); Fed. R. App. Proc. 4(a)(7)(ii); *Stephanie-Cardona*, 476 F.3d at 703.

## ANALYSIS

**I.      Taverniti may not proceed under Federal Rule of Civil Procedure 59.**

In this case, Taverniti may not proceed under Rule 59(e), because she did not receive a final judgment.  There are two plaintiffs in this matter.  When the Court granted defendant's motion to dismiss against Taverniti, it did not dismiss Arik.  The Court did not enter final judgment for defendant at that time, under Federal rule of Civil Procedure 58.  Nor did it enter a partial final judgment for defendant, under Rule 54(b).  Nor did the Court's dismissal of one of the two plaintiffs in this matter constitute an appealable interlocutory order.  *Long*, 972 F.2d at 1178 n.5.  Thus, despite the Court's dismissal of Taverniti, the matter continues with Arik.  *Id.*  As such, Taverniti may not request the Court to alter or amend a final judgment under Rule 59(e), as none exists.

**II.     Administrative Matters**

As a final matter, the Court notes that Civil Local Rule 3-4(c)(2) requires all pleadings filed with the Court consist of double-spaced lines of text, numbering no more than 28 per page.  Taverniti's counsel has been filing pleadings with 32 lines per pages.  Counsel will comply with this rule or risk having his pleadings stricken.  The Court did not strike the Motion, as counsel was well under the 25-page limit of Civil Local Rule 7-2(b), and thus the Court was not concerned counsel was trying to exceed this limit.

///

///

///

---

[3]      Federal Rule of Civil Procedure 79(a) merely describes the process by which a court clerk keeps a civil docket, what documents are entered in it, and how to enter them.  *See* Fed. R. Civ. P. 79(a).

1

**CONCLUSION**

2          Accordingly, for the reasons stated above, the Court DENIES plaintiff Dalena M. Taverniti's

3   Motion to Alter or Amend [Docket No. 61].

4

5          IT IS SO ORDERED.

6
           September 5, 2008                    _____
7                                               Saundra Brown Armstrong
8                                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28