**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DALENA M. TAVERNITI, *et al.*, | No. C 04-04932 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 52] |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Before the Court is the parties' Stipulation and Proposed Order Extending Time to File Motion for Summary Judgment (the "Stipulation") [Docket No. 73]. On November 19, 2004, plaintiffs Dalena M. Taverniti and Maraina Arik sued defendant Michael J. Astrue, Commissioner of Social Security Administration (the "SSA") in the matter before the Court. *See* Docket No. 1. Both were appealing determinations made by the SSA. *See id.* On March 1, 2005, the SSA filed a motion to dismiss plaintiffs' complaint for lack of jurisdiction. *See* Docket No. 9. On March 17, 2005, plaintiff filed a cross-motion for summary judgment and a reply to the SSA's motion to dismiss. *See* Docket No. 10.

On August 18, 2005, the Court referred to a magistrate, a dispute over whether the SSA should produce plaintiffs' administrative records. *See* Docket No. 16. On October 25, 2005, the magistrate judge denied plaintiffs' motion to compel production of the record, holding it would be premature under the Court's Social Security Procedural Order [Docket No. 2], which does not require the SSA to produce it, until after it files an answer. *See* Docket No. 22. Further, the magistrate judge felt plaintiffs did not need the record to oppose a motion to dismiss for lack of jurisdiction. *See id.*

///
///
///

On August 28, 2006, plaintiffs filed a First Amended Complaint ("FAC"). *See* Docket No. 45. In it, Arik[1] alleged three claims. First, she claimed due process entitled her to judicial review of the Appeals Council's April 6, 2006 decision, denying her an extension to seek district court review, under SSR 91-5p. *See id*. Second, she claimed she had stated a constitutional claim mandating the SSA give her a hearing under SSR 91-5p. *See id.* And third, she claimed the SSA had violated her due process by unduly delaying the administrative process, possibly because she had sued it. *See id*.

On September 8, 2006 the magistrate judge ordered the parties to treat plaintiffs' initial complaint as operative, because they failed to obtain a stipulation or leave of court to file an amended complaint. *See* Docket No. 48. The SSA then filed a second motion to dismiss, *see* Docket No. 49, and plaintiffs filed an opposition, *see* Docket No. 50. On November 8, 2006, this Court issued an order holding plaintiffs were allowed to file their FAC without a stipulation or leave of court, and thus held it was the operative complaint. *See* Docket No. 51. In so holding, the Court denied as moot the SSA's first and second motions to dismiss [Docket Nos. 9 and 49], and plaintiffs' cross-motion and reply [Docket No. 10]. *See* Docket No. 51.

On December 8, 2006, the SSA filed a Motion to Dismiss for Lack of Jurisdiction [Docket No. 52]. On December 15, 2006, plaintiffs filed a Cross-Motion for Summary Judgment and Reply in Opposition to the Motion.[2] *See* Docket No. 53. On March 31, 2008, the Court disposed of this motion, dismissing Taverniti for failing to exhaust her administrative remedies. *See* Docket No. 57 at 2. With regards to Arik's first claim, the Court found she had stated a colorable constitutional claim of due process violation, in regards to an April 6, 2006 Appeals Council ruling, denying her request, under Social Security Ruling ("SSR") 91-5p, for district court review. *Id.* As for her second claim, demanding a hearing under SSR 91-5p, the Court dismissed it as moot, as the SSA had already given her one. *Id.* at 2-3. Lastly, in regards to her third claim, the Court found she had not stated a colorable constitutional due process claim, in regards to the SSA unduly delaying the

---

[1] Taverniti's claim are no longer before the Court, and she is not a party to the Stipulation.

[2] Despite the title, this pleading was only an opposition to the Motion.

2

processing of her request, under SSR 91-5p, for district court review. *Id.* at 3. The Court thus dismissed her third claim, but with 14 days leave to amend. *Id.*

On April 14, 2008, Arik filed a Second Amended Complaint ("SAC"). *See* Docket No. 58. In it, she restated part of her FAC related to her first claim, but did not provide any amended language for her third claim. *See id.* She did, however, add a fourth claim regarding alleged due process and equitable estoppel issues related to an alleged untimely notice provided by the Social Security Appeals Council. *See id.* The SSA filed a Third Motion to Dismiss for Lack of Jurisdiction, arguing plaintiff failed to amend her third claim to prevent its dismissal. *See* Docket No. 62. Plaintiff filed an opposition, arguing she had filed her SAC without her third claim, and by doing so, had withdrawn it. *See* Docket No. 64. In regards to the fourth claim, she only stated vaguely, "Arik replies that these words constitute her ultimate goal for presenting her appeal of the ALJ decision below admitting that she cannot do that now because tolling of administrative finality or equitable estoppel must be found by this court to provide her with such jurisdiction." *See id.* The Court granted the SSA's motion and dismissed Arik's third claim and struck her fourth. See Docket No. 66.

In its Order, the Court advised the parties, because of the very narrow issue on review, it would set the following briefing schedule, amending the Procedural Order for Social Security Review Actions [Docket No. 2]. *See* Docket No. 66 at 2.

1.   The SSA shall serve and file an answer, together with a certified copy of the transcript of the administrative record, by Tuesday August 19, 2008

2.   Arik shall serve and file a motion for summary judgment or for remand by Tuesday, September 9, 2008.

3.   The SSA shall serve and file any opposition or counter-motion by Tuesday September 30, 2008.

4.   Arik may serve and file a reply by October 7, 2008.

With the Court's leave to file two days late, the SSA filed its Answer on August 21, 2008. *See* Docket Nos. 67-68. The Administrative Record was filed on August 22, 2008. *See* Docket Nos. 69-70. On September 14, 2008, Arik and the SSA filed a stipulation which states in its

entirety, "IT IS HEREBY STIPULATED by and between the undersigned attorneys, subject to the approval of the Court, that Plaintiff Arik may have an extension of 14 days in which to file her Motion for Summary Judgment. Plaintiffs response is due on September 23, 2008, pursuant to Civil L.R. 16-5." The parties do not explain why Arik is seeking a continuance, nor why she did not seek one prior to September 9, 2008, nor whether they wish to continue any other dates. In addition, the parties delayed further by not filing a chambers copy. The Court found the Stipulation on the docket, on its own, on September 16, 2008. In addition, the Court notes this matter has been in litigation for almost four years. The Court thus DENIES the Stipulation. The briefing schedule remains unchanged. If the parties wish to make arrangements among themselves in regards to scheduling, they may, but the SSA shall serve and file any opposition or counter-motion by Tuesday September 30, 2008, and Arik may serve and file a reply by October 7, 2008.

IT IS SO ORDERED.

September 17, 2008

_____
Saundra Brown Armstrong
United States District Judge