UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARAINA ARIK,<br><br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | Case No:  C 08-5564 SBA<br><br>Related to:<br>C 04-4932 SBA<br><br>**ORDER**<br><br>Docket 32 |

      Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff has filed a motion to consolidate her motions for attorneys' fees under the Equal Access to Justice Act ("EAJA") which were filed in both this case (Dkt. 35) as well as the related case, Arik v. Astrue, C 04-4932 SBA.  Rule 42(a) provides that:  "If actions before the court involve a common question of law or fact, the court may:  [¶ ] (1) join for hearing or trial any or all matters at issue in the actions; [¶] (2) consolidate the actions; or [¶] (3) issue any other orders to avoid unnecessary cost or delay."  The district court has "broad discretion under this rule" to grant or deny a motion to consolidate.  Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989).

      Plaintiff contends that consolidation is appropriate on the grounds that the motions share a common issue of law.  Specifically, she points out that both motions are based on the Supreme Court's relatively recent decision in Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010).  Ratliff held that an award of fees under the EAJA is payable to the litigant and not his attorney and, therefore, is subject to offset for any pre-existing debt owed by the plaintiff to the United States.  Id.  Under that reasoning, however, all Social Security cases in which an EAJA fee motion has been filed would share a "common issue" and could thus be consolidated.  Therefore, the Court concurs with Defendant that Ratliff does not present

a compelling reason for consolidating the fee motions.  Nevertheless, the Court notes that the actions have been deemed "related" under Civil Local Rule 3-12.  As such, from a judicial economy standpoint, there may be value in considering the two fee motions together.  Therefore, the Court will refer both motions to a Magistrate Judge for resolution.[1]

Finally, with regard to the fee motion submitted in Arik v. Astrue, C 04-4932 SBA (Dkt. 80), Plaintiff should resubmit her motion for fees under the EAJA, taking into account the Supreme Court's decision in Ratliffe.  In addition, before submitting her revised fee motion, the parties shall meet and confer in good faith in an attempt to resolve or narrow the issues presented in both fee applications.  The parties shall certify in writing that they have done so, as required by this Court's standing orders.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.   Plaintiff's motion to consolidate fee motions is GRANTED.

2.   After meeting and conferring with Defendant's counsel as set forth above, Plaintiff shall refile her Motion and Application for an Award of Attorney's Fees Under the Equal Access to Justice Act (Dkt. 80) in Arik v. Astrue, C 04-4932 SBA, taking into account the Supreme Court's decision in Ratliffe.  Plaintiff shall file her revised motion by no later than February 4, 2010, and Defendant's opposition to the revised motion shall be filed by February 18, 2011.  Plaintiff's reply shall be filed by no later than February 25, 2011.  The revised opening an opposition briefs are limited to twelve (12) pages and Plaintiff's reply is limited to seven (7) pages.

3.   Plaintiff's Application for Award of Attorney's Fees and Costs Under 28 U.S.C. § 2412(d) (Dkt. 35) and revised fee motion in Arik v. Astrue, C 04-4932 SBA are REFERRED to the Chief Magistrate Judge or her designee for determination.

---

[1] The Court notes that it is not entirely clear what Plaintiff means by "consolidating" the fee motions.  To the extent she seeks to submit a single motion in both cases, such request is denied.  However, it does appear, based on the record presented, that Plaintiff merely desires to have both motions referred to a single magistrate judge for resolution.  As discussed, the Court concurs with that proposed procedure.

1    4.    This Order terminates Docket 32 in the C 08-05564 SBA and Docket 80 and 96 in C 04-4932 SBA.  This Order shall be e-filed in both actions.

IT IS SO ORDERED.

Dated:  January 25, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge